## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TFB MIDATLANTIC 4 LLC, et al.,** | : | **Civil No. 1:21-CV-299** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **THE LOCAL CARE WASH, INC., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

### I.    Factual Background

This matter comes before us for consideration of a discovery dispute embodied in correspondence submitted by counsel. (Docs. 34 and 35). As to this discovery dispute the pertinent facts are as follows:

This case involves a dispute regarding the plaintiffs' purchase of a car wash from the defendants in December of 2020. The plaintiffs allege that they were misled by the defendants regarding material facts relating to the earnings and profitability of this business. They have filed suit alleging breach of contract, fraud, and conspiracy, and seek various forms of relief, including rescission of this agreement. (Doc. 48). In the course of discovery, the plaintiffs have propounded interrogatories and requests for production of documents, which seek information from the defendants tracing the disposition of the moneys paid by plaintiffs to the defendants

as part of this purchase agreement. (Doc. 34-1, at 10 (Interrogatory), and 39 (Request for Production of Documents)).

The defendants have objected to this discovery. (Doc. 34). According to the defendants, the information sought here by the plaintiffs is irrelevant, unduly burdensome, and disproportionate to the needs of the case. The defendants also contend that this discovery demand is premature since it seeks discovery in aid of execution of a judgment, a form of discovery which should await merits litigation and is governed by Rule 69 of the Federal Rules of Civil Procedure. (Id.)  The plaintiffs, in turn, insist that this discovery to proportional, timely, and directly relevant to their rescission claim, since the answers to this discovery would reveal whether rescission is even available as a remedy in this case. (Doc. 35).

For the reasons set forth below, finding that the discovery sought by the plaintiffs' interrogatory is relevant to the plaintiffs' rescission claim, we will direct the defendants to provide limited discovery sought here relating to the defendants' disposition of the proceeds paid to them by the plaintiffs. However, understanding the potential sensitivity of this type of financial information, pursuant to the stipulation previously executed by the parties, (Doc. 25), the defendants may designate their response to these discovery demands as "Confidential."

## II.   <u>Discussion</u>

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. <u>See</u> <u>Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.</u>, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J. 1996); <u>see also</u> <u>Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

(b) Discovery Scope and Limits.

(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, "[t]he Court's discretion in ruling on discovery issues is . . . restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits....Courts will not permit

discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

Accordingly, at the outset it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus, we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it

has been said that the amended rule 'restores the proportionality factors to their

original place in defining the scope of discovery.'" Fassett v. Sears Holdings Corp.,

319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc.,

No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

In this case, the plaintiffs have brought a rescission claim relating to a contract

which appears to be governed by Virginia law.[1] Under Virginia law rescission claims

must meet exacting legal benchmarks. In this regard, it is clear that:

> Equitable rescission is a "remedy which calls for the highest and most
> drastic exercise of the power of a court of chancery—to annul and set
> at naught the solemn contracts of parties." Schmidt v. Household Fin.
> Corp., II, 276 Va. 108, 115, 661 S.E.2d 834 (2008) (quoting Bonsal v.
> Camp, 111 Va. 595, 599, 69 S.E. 978 (1911)). "If rescission is granted,
> the contract is terminated for all purposes, and the parties are restored
> to the status quo ante." Id. (quoting McLeskey v. Ocean Park Inv'rs,
> Ltd., 242 Va. 51, 54, 405 S.E.2d 846 (1991)).

Young-Allen v. Bank of Am., N.A., 839 S.E.2d 897, 900 (2020). Further, "the

remedy of equitable rescission . . . is only available when the underlying breach of

contract is 'substantial' or 'material.' " Id. at 901.

Moreover, if a party carries this substantial burden of proof and persuasion:

---

[1] The defendants contend that this contract, and contract rescission claim are
controlled by Virginia law, and the plaintiffs have not directly disputed this
assertion. In any event, the guiding legal tenets governing rescission claims under
Virginia law seem to be in accord with the general principles that apply to such
claims.

> [R]escission only requires that the parties be restored to "substantially" the same position they occupied before entering into the contract. <u>Millboro Lumber</u>, 140 Va. at 421, 125 S.E. at 310.

> > [W]here, on account of the act of the adverse party, complete restitution cannot be had, rescission will not be denied and the court will, so far as practicable, *require the party profiting by the fraud to surrender the benefit he has received in the transaction.*

> <u>Id</u>. (collecting authorities) (emphasis added).

<u>Devine v. Buki</u>, 767 S.E.2d 459, 467 (2015).

Thus, the plaintiffs may face many hurdles in ultimately pursuing this rescission claim. Nonetheless when a rescission claim is properly pled, some limited discovery into the use and disposition of the funds received from the party seeking rescission may be appropriate under Rule 26. For example, we agree that "information regarding the profits or income that [parties] have derived from the proceeds of the buyout agreement is relevant to the rescission claim and calculated to lead to the discovery of admissible evidence." <u>G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc</u>., No. 204CV01199DAEGWF, 2008 WL 11388584, at *3 (D. Nev. June 11, 2008).

So it is here. At the outset, we find that the discovery demands propounded by the plaintiffs do not constitute premature wholesale asset discovery in aid of execution, as suggested by the defense. Rather, these discovery demands only seek

specific information tracing the disposition of funds paid to the defendants by the plaintiffs, moneys that the plaintiffs claim they are entitled to recover through rescission. Construed in this fashion, these discovery demands seek relevant information that will aid all parties in determining whether rescission is a feasible remedy in this case. Therefore, this discovery is relevant to the rescission claim and calculated to lead to the discovery of admissible evidence.

We recognize, however, that the defendants have voiced a concern that a dollar-by-dollar tracing of the use of these funds over the past eleven months may be disproportionate and unduly burdensome depending upon the nature of the disposition of those funds over the past year. Moreover, such a year-long item-by-item accounting may be unnecessary since rescission only requires that the parties be restored to "substantially" the same position they occupied before entering into the contract.  Mindful of these concerns, we will permit limited discovery into these matters, and will specifically direct the defendants to: (1) identify and produce documents showing where the moneys paid by the plaintiffs to the defendants were deposited; (2) notify the plaintiffs if those funds have remained segregated and available for recovery by the plaintiffs should they prevail upon a rescission claims; and (3) if those funds have not been separately held by the defendants pending resolution of this rescission claim, provide a narrative description of the disposition

of these funds. In our view, armed with this information, the plaintiffs will be able to secure rescission, so far as practicable, in the event that they prevail on the merits of this claim.

Finally, we are mindful that the defendants are concerned regarding the potential sensitivity of this type of financial information. Therefore, pursuant to the stipulation previously executed by the parties, (Doc. 25), the defendants may designate their response to these discovery demands as "Confidential."

An appropriate order follows.




                                        _S/Martin C. Carlson_
                                        MARTIN C. CARLSON
                                        United States Magistrate Judge

DATED: November 17, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TFB MIDATLANTIC 4 LLC, et al.,** | : | **Civil No. 1:21-CV-299** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **THE LOCAL CARE WASH, INC., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW this 17th day of November, 2021, in accordance with the accompanying Memorandum, finding that the interrogatories and requests for production of documents propounded by the plaintiffs, which seek information from the defendants tracing the disposition of the moneys paid by plaintiffs to the defendants as part of this purchase agreement, (Doc. 34-1, at 10 (Interrogatory), and 39 (Request for Production of Documents)), are relevant to the plaintiffs' rescission claim, IT IS ORDERED that defendants shall respond to those discovery requests, in part, by: (1) identifying and producing documents showing where the moneys paid by the plaintiffs to the defendants were deposited; (2) notifying the plaintiffs if those funds have remained segregated and available for recovery by the plaintiffs should they prevail upon a rescission claims; and (3) if those funds have not been

separately held by the defendants pending resolution of this rescission claim, providing a narrative description of the disposition of these funds. Further pursuant to the stipulation previously executed by the parties, (Doc. 25), the defendants may designate their response to these discovery demands as "Confidential."

*S/Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge