**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TFB MIDATLANTIC 4, LLC, et al.,** | : | **Civil No. 1:21-CV-299** |
| **Plaintiffs,** | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| **THE LOCAL CAR WASH, INC., et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

## I. Introduction

This case comes before us on a motion to reconsider filed by the plaintiffs (Doc. 101), which asks us to vacate our prior ruling granting summary judgment in favor of the defendants. (Doc. 99). The plaintiffs, TFB Midatlantic 4, LLC and TFB Midatlantic 4 RE, LLC (collectively, "TFB"), brought this suit against the defendants, John Treanor, The Local Car Wash, Inc., and Treanor Properties, LLC, arising out of the purchase of a car wash in Chambersburg, Pennsylvania. The complaint asserted claims of breach of contract, fraud, and business conspiracy, alleging that Mr. Treanor and his entities provided false financial information to induce the plaintiffs to purchase the car wash business.

We granted summary judgment in favor of the defendants on these claims (Doc. 99), concluding that no reasonable juror could find that the defendants breached the Purchase Agreement or that the defendants fraudulently induced the plaintiffs to follow through with the purchase of the car wash by providing false financial information based on the undisputed facts in record. We further found that there was no evidence that Mr. Treanor conspired with others to provide the plaintiffs with false or misleading financial information. The plaintiffs now ask us to vacate this ruling, arguing that the Court impermissibly made credibility determinations and resolved alleged factual disputes in favor of the defendants. (Docs. 101, 102).

As we stated in our prior Memorandum Opinion, facts are stubborn things. In the instant case, the plaintiffs characterize our ruling as making impermissible credibility determinations. The plaintiffs misunderstand the factual underpinning of our decision. That ruling did not endeavor to make contested credibility determinations. Instead we accepted as true the uncontested statements of the plaintiffs themselves. In this regard, the undisputed facts revealed that Mr. Cueter and Mr. Wang, the owners of the plaintiff-entities, admitted that they were more sophisticated than Mr. Treanor, and that Mr. Treanor did not understand all aspects

of the business' financials. Indeed, these individuals spent months researching the car wash industry prior to approaching Mr. Treanor, and more than a year reviewing the car wash's financials after Mr. Treanor indicated he was willing to sell, at times pointing out inconsistencies in the financials to Mr. Treanor. Nevertheless, the plaintiffs, self-acknowledged sophisticated businessmen who averred that their financial acumen was greater than that of the defendant, Mr. Treanor, contend that they reasonably relied on one statement made by Mr. Treanor regarding the business' financials in moving forward with the purchase of the car wash, and due to that reliance, are entitled to rescind the purchase agreement. Further, according to the plaintiffs, when we relied upon their own uncontested statements which described their higher degree of financial sophistication and acumen, we committed a clear error which resulted in a manifest injustice to them. Thus, the plaintiffs' motion to reconsider rests upon a fairly novel premise; namely, the idea that we did an injustice to the plaintiffs when we accepted the accuracy of what they said.

After consideration, and given the exacting standards required for a motion to reconsider, this motion will be denied.

## II. Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances: where there is either "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In the instant case, the plaintiffs do not argue that there has been an intervening change in the law, nor do they offer new evidence to support their claims. Rather, they contend that the Court erred in making credibility determinations and in resolving alleged disputed facts in favor of the defendants. They further argue that we incorrectly characterized the financial warranty paragraph in the Purchase Agreement, which warranted that all financial information provided by the

defendants was true and accurate.[1] Thus, the plaintiffs invite us to conclude that our summary judgment decision caused a manifest injustice which requires us to vacate that decision.

We disagree.

First, with respect to the breach of contract claim, the plaintiffs again rely on the federal tax returns that were provided by Treanor, which reflected the car wash's gross sales. They assert that because this number did not reflect the net income of the car wash, and because the net income was much lower, that Treanor provided inaccurate financial information in breach of the agreement. This argument, however, fails to consider that the tax returns were not the only financial information provided to the plaintiffs. Rather, the plaintiffs were also provided with the Sonny's Sales Detail Reports, which contained the net income of the car wash. Thus, the plaintiffs would have us conclude that the fact that these two numbers are different equates to Treanor providing inaccurate information. However, we cannot reach that

---

[1] We note that in their brief in support of the motion to reconsider, the plaintiffs for the first time appear to allege a claim for breach of express warranty with respect to this paragraph of the Purchase Agreement. (Doc. 102, at 14). However, no such claim was alleged in the complaint, and the plaintiffs may not now assert a new theory of recovery in their brief in support of the motion for reconsideration. See Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173 (3d Cir. 1988).

conclusion when the undisputed facts show that Treanor provided information regarding both the gross sales and net income to the plaintiffs prior to the closing of the Agreement. The mere fact that the plaintiffs chose to rely on the higher number when calculating the car wash's cash flow does not change our analysis.[2] Accordingly, the plaintiffs have not shown a material breach of the Purchase Agreement, and granting summary judgment in favor of the defendants on this claim was not a clear error of law, nor does it amount to a manifest injustice to the plaintiffs.

We reach a similar conclusion with respect to the plaintiffs' business conspiracy claim. As we found in our decision granting summary judgment on this claim, there is simply no evidence in the record to support this claim. First, the law is clear that Mr. Treanor cannot legally conspire with his own entities. Bowman v. State Bank of Keysville, 331 S.E.2d 797, 801 (Va. 1985). Moreover, there is no evidence in the record of an agreement or understanding between Treanor and any other individual to provide the plaintiffs with misleading financial information or

---

[2] While the plaintiffs assert that the Court "imputed a materiality condition" with respect to the breach of contract claim, we remind the plaintiffs that Virginia law requires a showing that an alleged breach of a contract was material. See Vienna Metro LLC v. Pulte Home Corp., 786 F.Supp.2d 1076, 1081 (E.D. Va. 2011) (citing Horton v. Horton, 487 S.E.2d 200, 204 (Va. 1997)).

prohibit them from receiving other financial information. Accordingly, we find no clear error of law or manifest injustice.

Further, with respect to our conclusion that the defendants are entitled to summary judgment on the fraud claims, we similarly conclude that there was no error of law in our decision, nor did our decision amount to a manifest injustice. On this score, the plaintiffs contend that we erred by making credibility determinations with respect to the financial sophistication of Mr. Cueter and Mr. Wang. However, this argument ignores yet another stubborn fact—these individuals themselves testified to their own experience, sophistication, and their belief that Mr. Treanor did not understand certain financial aspects of the business. On this score, it is undisputed that both Mr. Cueter and Mr. Wang had graduated from one of the country's top business schools, Mr. Cueter was employed as a financial analyst for various private investment firms, and Mr. Wang also had experience performing financial due diligence and reviewing financial documents. (Doc. 88, ¶¶ 22-24, 28-30). Further, Mr. Cueter testified that he and Mr. Wang researched the car wash business "extensively" prior to reaching out to Mr. Treanor about The Local Car Wash. (Doc. 88, at 174-75).

Moreover, with respect to the due diligence period undertaken by the plaintiffs, Mr. Cueter testified regarding a few issues during their review of the business' financials, including "a sales and use issue, which, frankly, the seller didn't even understand." (Id., at 230).[3] Additionally, Mr. Cueter recounted that he and Mr. Wang "were able to sit down with [Treanor] face-to-face and we had the reports and the tax returns with us, and we were able to go through the reports side by side with the 2019 tax return." (Id., at 177).

On this score, the plaintiffs have not met their burden to show that this Court committed a clear error of law that resulted in a manifest injustice to them. Rather,

---

[3] While the plaintiffs assert that the Court improperly accused Mr. Cueter of unilaterally trying to strike his sworn testimony, the record reveals that Mr. Cueter, in fact, attempted to strike his own comment that Mr. Treanor did not understand certain aspects of the car wash's financials.

> A: As I mentioned, we ended up through our due diligence uncovering a couple issues, which include the discount item that we mentioned around the 2019 tax return as well as determining later that there was a sales and use issue, which, frankly, the seller didn't even understand. So I think we did a fair amount of work.
> Q: Wait. The seller didn't understand that?
> A: The seller -- the seller -- I don't know if he didn't understand. The seller didn't do what he was supposed to do.
> Q: You just said the seller didn't understand.
> A: I would like to strike that comment.

(Doc. 88, at 230-31).

we credited the plaintiffs' own statements regarding their experience, research, due diligence, and their belief that Mr. Treanor did not understand certain financial aspects of the business. Given these statements of undisputed facts—facts provided to us by the plaintiffs themselves—we concluded that no reasonable juror could find that the plaintiffs reasonably relied on one statement by Mr. Treanor regarding the business' financials. Accordingly, we cannot now conclude that crediting the plaintiffs' own statements resulted in a manifest injustice to them.

As we have explained, a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Moreover, a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Id. In the instant case, while the plaintiffs disagree with our decision and seek to reargue their position with respect to their claims, they have not demonstrated any new evidence, intervening change in the law, or clear error resulting in a manifest injustice to meet the exacting standard for a motion to reconsider. Therefore, the motion to reconsider will be denied.

## IV. Conclusion

Accordingly, for the foregoing reasons, the plaintiffs' motion for reconsideration (Doc. 101) will be DENIED.

An appropriate order follows.

Submitted this 17th day of November 2022.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TFB MIDATLANTIC 4, LLC, et al.,** | : | **Civil No. 1:21-CV-299** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **THE LOCAL CAR WASH, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 17th day of November 2022, in accordance with the accompanying Memorandum Opinion, IT IS HEREBY ORDERED THAT the plaintiffs' motion for reconsideration (Doc. 101) is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge