IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TFB MIDATLANTIC 4, LLC, et al.,** | : | Civil No. 1:21-CV-299 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **THE LOCAL CAR WASH, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM AND ORDER

**I.  Introduction**

Pending before the court is a motion for partial summary judgment filed by the plaintiffs/counterclaim defendants. (Doc. 108). In October of 2022, we granted summary judgment in favor of the defendants, finding that the plaintiffs had failed to prove their breach of contract and fraud claims, and further finding that the defendants were entitled to summary judgment in their favor on their counterclaims for breach of the Promissory Note and Escrow Agreement. (Doc. 99). We then directed the parties to consult and confer to determine how to proceed with the defendants' claims for damages as a result of the plaintiffs' breach of the Promissory Note and Escrow Agreement. (Doc. 100). The plaintiffs filed a motion for reconsideration, which was denied on November 17, 2022. (Doc. 105).

The plaintiffs have now filed a motion for partial summary judgment, contending that the defendants' claims for attorney fees should be dismissed as a matter of law. (Doc. 108). The plaintiffs' argument on this score is threefold: first, they contend that the defendants never included a claim for attorney fees in their pleadings; second, that the defendants are not entitled to attorney fees because the individuals who signed the Guaranty of the Promissory Note are not parties to this case; and third, that the defendants have not shown their claim for attorney fees is reasonable. (Doc. 109). For their part, while the defendants concede that no claim for attorney fees was made in their counterclaims, they note that this technical issue can be cured by a request for leave to amend their pleadings to include a claim for attorney fees. (Doc. 111, at 8 n. 1).

After consideration, given the Court of Appeals' liberal policy allowing amendment of pleadings, we will deny the motion for summary judgment without prejudice and permit the defendants/counterclaim plaintiffs to seek leave to amend their pleadings.

## II.   Discussion

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course, if amended within a specified time period, or with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a). A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Yet,

while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion when ruling upon a motion to amend and may deny a request for leave to amend. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267 (3d Cir. 2001). The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are resolved on their merits rather than on technicalities. Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990); see also ICU Medical, inc. v. RyMed Technologies, Inc., 674 F.Supp.2d 574, 577 (D. Del. 2009). Under this standard, amendment of pleadings ordinarily should be allowed absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

In the instant case, we conclude that the appropriate course is to deny the partial motion for summary judgment and permit the defendants to seek leave to amend their counterclaims. We follow this course mindful of the Third Circuit's liberal policy allowing amendments in order to ensure that claims are resolved on their merits rather than on technicalities. Here, the defendants have prevailed on summary judgment on their counterclaims which alleged that the plaintiffs breached

the Promissory Note and Escrow Agreement. They assert that the Promissory Note allows for recovery of attorney fees. Accordingly, while they have not included this claim for attorney fees in their counterclaims, we do not believe that this is futile to their claim, or that Federal Rule of Civil Procedure 9(g), which requires that special damages be stated, bars this claim as a matter of law. See Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc., 474 F.2d 840, 843 (3d Cir. 1973) ("Claims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g)"). Instead, "considerable latitude and liberal opportunity for amendments should be accorded to avoid dismissal for failure to comply with Rule 9(g)." Bangert v. Harris, 553 F.Supp. 235, 238 (M.D. Pa. 1982). Accordingly, we will decline the plaintiffs' invitation to dismiss the claim for attorney fees based on the failure of the defendants to plead this claim in their counterclaim.

Because we will allow the defendants an opportunity to seek leave to amend their claims, we will also decline at this juncture to address the plaintiffs' remaining arguments regarding the merits of the attorney fees claim. Instead, we will deny this motion for partial summary judgment without prejudice to the plaintiffs raising these arguments in any opposition to a motion for leave to amend.

### III. <u>Order</u>

Accordingly, for the foregoing reasons, the motion for partial summary judgment (Doc. 108) is DENIED. The defendants/counterclaim plaintiffs shall file any motion for leave to amend their pleadings **on or before July 12, 2023.** The motion should comply with the requirements of Local Rule 15.1. The plaintiffs may then renew their arguments against this claim for attorney fees in their opposition to any motion for leave to amend. Failure to amend this pleading within the timetable prescribed by the court may be deemed a waiver of any attorney's fees claim.

So ordered this 22d day of June 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
