IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TFB MIDATLANTIC 4 LLC, et al., | : | Civil No. 1:21-CV-299 |
| Plaintiffs, | : : : | |
| v. | : : | (Magistrate Judge Bloom) |
| THE LOCAL CAR WASH INC., et al., | : : | |
| Defendants. | : | |

MEMORANDUM OPINION

I.  Statement of Facts and of the Case

This case comes before us on a motion to amend the defendants' counterclaim. (Doc. 116). The plaintiffs, TFB Midatlantic 4, LLC and TFB Midatlantic 4 RE, LLC (collectively "TFB"), filed this action against the defendants for breach of contract and other related claims. (Doc. 1). TFB's claims arose out of the purchase of a car wash in Chambersburg, Pennsylvania, in which the plaintiffs' alleged that the owner of the car wash, John Treanor, inflated revenue numbers to induce them to purchase the car wash. In their answer to the complaint, the defendants asserted two counterclaims against TFB—one for breach of a Promissory Note and one for breach of an Escrow Agreement. (Doc. 19).

The court granted summary judgment in favor of the defendants on all claims, finding that the defendants had not breached the contract or engaged in any fraudulent conduct related to the sale of the car wash. (Doc. 99). The court further granted summary judgment in favor of the defendants on the counterclaims. (*Id.*) Accordingly, the parties were ordered to submit a joint case management plan to determine how to move forward on the issue of damages. It is this case management plan, which included a claim by the defendants for attorney's fees, that inspired the plaintiffs to file a motion for partial summary judgment, arguing that the defendants had never included a demand for attorney's fees in their counterclaim. (Doc. 108). The court denied this motion and afforded the defendants an opportunity to file a motion to amend their counterclaim to add the claim for attorney's fees. (Doc. 115). The undersigned has recently been assigned to this case, and the defendants' motion to amend is now pending before us. (Doc. 116).

After consideration, for the reasons that follow this motion will be denied.

## II. Discussion

### A. Motion to Amend – Standard of Review

The defendants have moved to amend Count 1 of their counterclaim. Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course, and otherwise may only amend with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a). Rule 15 further states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Such motions are left to the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

A court may deny leave to amend if there is a delay in seeking amendment that is "undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton*, 252 F.3d at 273 (citing *Foamn v. Davis*, 371 U.S. 178, 182 (1962)). However, delay alone does not require that a motion to amend be denied. *Id.* Additionally, the court may deny a motion for leave to amend if the amendment fails to state a cause of action. *Id.* (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).

## B. The Defendants' Motion to Amend Count 1 of the Counterclaim will be Denied.

In the instant case, the defendants have moved to amend their counterclaim asserting a breach of the Promissory Note to add a claim for attorney's fees. (Doc. 116). In their motion, they assert that the Promissory Note, together with the Personal Guaranty signed by the principals of the plaintiff entities who are not named as counterclaim defendants, confer a right to attorney's fees upon breach of the Promissory Note. However, after consideration of the relevant language of these documents, we conclude that the defendants are not entitled to attorney's fees under the Promissory Note, and thus, we will deny leave to amend the counterclaim.

At the outset, there is no dispute that the Promissory Note itself does not contain explicit language allowing for recovery of attorney's fees in the event of a breach. Rather, the defendants assert that we must read the Promissory Note and the Personal Guaranty together, and that when read together these documents entitle them to recover attorney's fees from TFB under the Promissory Note. The Personal Guaranty states in relevant part:

4

> In consideration of the loan in the amount of $100,000.00 evidenced by this Note and made to TFB MidAtlantic 4, LLC at the request of the undersigned, on the terms and conditions hereof, the undersigned Guarantors hereby personally guarantee the prompt payment of this Note and each installment thereof due, whether at stated maturity, acceleration or otherwise, and in accordance with all of the terms and conditions hereof, and agree to all the terms and conditions of the Note and affirm the waivers and consents contained therein; *provided however, that the individual liability of any one of the undersigned Guarantors shall not exceed one hundred percent (100%) of total outstanding unpaid balance of sums due under this Note, including costs incurred in connection with the collection or attempted collection of amounts due under this Promissory Note, including reasonable attorney's fees whether or not suit may be instituted.*

(Doc. 116-3, at 72) (emphasis added). The Guaranty was signed by Mr. Cueter and Mr. Wang, the principals for the TFB entities, in their individual capacities as guarantors. (*Id.*) These individuals have not been named as counterclaim defendants. Rather, the defendants contend that this provision of the Guaranty provides that attorney's fees are included in the "amounts due" and payable by TFB under the Promissory Note.

Under Virginia law,[1] in order to prevail on a breach of contract claim, the plaintiffs must show: "(1) a legally enforceable obligation of a

---

[1] Virginia law governs this dispute per the terms of the agreement between the parties. (*See* Doc. 116-3, at 62).

5

defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach o[f] obligation." *Hanback v. DRHI, Inc.*, 94 F.Supp.3d 753, 761 (E.D. Va. 2015) (citing *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). If a written contract contains an ambiguity, we must construe that ambiguity against the drafter of the contract. *Martin & Martin, Inc., v. Bradley Enterprises, Inc.*, 504 S.E.2d 849, 851 (Va. 1998).

In Virginia, a guaranty agreement is "an independent contract, by which the guarantor undertakes, in writing, upon a sufficient undertaking, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person who is primarily liable to pay or perform." *McDonald v. Nat'l Enters, Inc.*, 547 S.E.2d 204, 207 (Va. 2001); *Bourne v. Bd. of Sup'rs of Henrico Cnty.*, 172 S.E. 245 (Va. 1934). In order to recover on the guaranty, a party must show "the existence and ownership of the guaranty contract, the terms of the primary obligation and default on that obligation by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty contract." *McDonald*, 547 S.E.2d at 207 (citations omitted).

Thus, courts have held that guaranty agreements are separate and independent from the primary contract. As Virginia Supreme Court aptly explained, "[t]he guaranty is a separate and independent contract, involving duties and imposing responsibilities very different from those created by the original contract to which it is collateral. The fact that both contracts are written on the same paper or instrument does not affect their separate nature." *Bourne*, 172 S.E. at 684; *see also Clarendon Regency IV, LLC v. Equinox Clarendon, Inc.*, 2021 WL 4477276, at *3 (E.D. Va. Sept. 30, 2021); *JTH Tax, Inc. v. Citone*, 2010 WL 11566056, at *3-4 (E.D. Va. Feb. 3, 2010) (holding that the guarantor agreement was separate from the underlying contract despite it being written on the same instrument).

In our view, this distinction between the obligations of the debtor on the original agreement, here TFB, and the obligations of the guarantors, Mr. Cueter and Mr. Wang, defeats the defendants' counterclaim for attorney's fees for breach of the Promissory Note. TFB are parties to the Promissory Note, which contains no language concerning the recovery of attorney's fees in the event of a breach. (*See* 117-2, at 2-4). While the defendants urge us to read these documents as

7

one and impose an obligation on TFB to pay attorney's fees, Virginia law is clear that these are separate documents with independent obligations. Accordingly, we cannot conclude that given the language contained in the Guaranty, TFB is liable for attorney's fees under the Promissory Note.

Moreover, construing the language of the Guaranty against TFB as the drafter, the language of the Guaranty appears to provide for recovery of attorney's fees from the individual guarantors. However, it is undisputed that TFB are not parties to the Guaranty, and the individual guarantors, Mr. Cueter and Mr. Wang, are not named as counterclaim defendants. This is fatal to the defendants' claim for attorney's fees. *See Borg v. Warren*, 545 F. Supp. 3d 291, 323 (E.D. Va. 2021) ("[T]he legal interests established by a contract vest solely in the promisee and promisor, rendering only these parties liable for the legal interests, duties and obligations promised by the contract").

Here, while the Guaranty appears to provide for recovery of attorney's fees, we cannot construe the Promissory Note as providing for recovery of attorney's fees from TFB. Additionally, because the defendants have not named the individual guarantors as counterclaim defendants, and TFB is not a party to the Guaranty, the defendants'

8

counterclaim for attorney's fees for breach of the Promissory Note fails as a matter of law. Accordingly, we will deny the defendants' motion to amend their counterclaim to add a claim for attorney's fees.

## III. Conclusion

For the foregoing reasons, the defendants' motion to amend their counterclaim (Doc. 78) will be DENIED.

An appropriate order follows.

Submitted this 2nd day of October 2023.

*S/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge