IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TFB MIDATLANTIC 4 LLC, et al., | : Civil No. 1:21-CV-299 |
| Plaintiffs, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| THE LOCAL CAR WASH INC., et al., | : |
| Defendants. | : |

MEMORANDUM OPINION AND ORDER

I. Introduction

Pending before the Court is the plaintiffs' Motion for Approval of Supersedeas and Stay of Execution Pending Appeal. (Doc. 146). The plaintiffs, TFB Midatlantic 4, LLC and TFB Midatlantic 4 RE, LLC (collectively "the TFB entities"), filed this action against the defendants for breach of contract and other related claims. (Doc. 1). The TFB entities' claims arose out of the purchase of a car wash in Chambersburg, Pennsylvania, in which the plaintiffs alleged that the owner of the car wash, John Treanor, inflated revenue numbers to induce them to purchase the car wash. In their answer to the amended complaint, the defendants asserted two counterclaims against the TFB entities—one for

breach of a promissory note and one for breach of an escrow agreement. (Doc. 49).

The court granted summary judgment in favor of the defendants on all claims, finding that the defendants had not breached the contract or engaged in any fraudulent conduct related to the sale of the car wash. (Doc. 99). The court further granted summary judgment in favor of the defendants on the counterclaims. (*Id.*) On August 21, 2024, after receiving supplemental briefing from the parties on the issue of damages, we entered judgment against the plaintiffs as follows:

1. On Counterclaim I, breach of the promissory note, the defendants are awarded damages in the amount of $105,252.88;

2. On Counterclaim II, breach of the escrow agreement, the defendants are awarded:

    a. The release of the full $150,000 in escrowed funds, broken down as follows: the plaintiffs shall instruct the escrow agent to release the escrowed funds to pay the appropriate tax authority The Local Car Wash, Inc.'s pre-existing tax liability (*i.e.*, $81,215.45), as well as the additional penalties and interest incurred on that pre-existing tax liability (*i.e.*, on the

    $81,215.45 amount); and the plaintiffs shall instruct the escrow agent to release the remainder of the escrowed funds to the defendants;

  b. Damages in the exact amount as the additional penalties and interest incurred on The Local Car Wash, Inc.'s pre-existing tax liability (*i.e.,* on the $81,215.45 amount), beginning on July 2, 2021 (*i.e.,* the date of the breach), and ending on the date of this Order (*i.e.,* the date of judgment)[.]

(Doc. 145).

  The plaintiffs now move under Federal Rule of Civil Procedure 62 for a stay of execution of this judgment pending an appeal to the Third Circuit Court of Appeals and propose a supersedeas bond in the amount of $148,125.77.[1] (Doc. 146). This amount represents 120% of the judgment owed to the defendants, less the outstanding tax liability owed to the Commonwealth and accompanying penalties and interest, with the remaining $60,719.15 to be held in the escrow account pending a resolution of the plaintiffs' appeal. For their part, the defendants do not

---

[1] The plaintiffs filed a Notice of Appeal to the Third Circuit Court of on September 18, 2024. (Doc. 149).

3

dispute the $148,125.77 supersedeas bond. (Doc. 148). However, they contend that the release of the remaining escrowed funds after payment of the outstanding taxes constitutes an equitable rather than a monetary judgment and argue that the plaintiffs have not made the necessary showing for a stay of this equitable judgment. (*Id.*).

This motion is fully briefed and ripe for resolution. (Docs. 146-48, 150). For the following reasons, the motion will be granted.

II. Discussion

Rule 62 of the Federal Rules of Civil Procedure provides for an automatic 30-day stay of the "execution on a judgment and proceedings to enforce it[.]" Fed. R. Civ. P. 62(a). Subsection (b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "A supersedeas bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." *Pharmacia Corp. v. Motor Carrier Services Corp.*, 2008 WL 852255, at *4 (D.N.J. Mar. 28, 2008).

The purpose of such a bond "is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution." *Evergreen Community Power LLC v. Riggs Distler & Co., Inc.*, 2012 WL 2974891, at *1 (E.D. Pa. July 19, 2012). Typically, the amount of the bond should be "a sum sufficient to pay the judgment and costs, interest, and damages for the delay." *Id.* (internal citations and quotation marks omitted). However, "[t]he amount of the bond—and, in fact, whether to require a bond at all—remains within the Court's discretion." *Transamerica Occidental Life Ins. Co. v. Total Systems, Inc.*, 2011 WL 2447520, at *2 (D.N.J. 2011) (quoting *Pharmacia Corp.*, 2008 WL 852255, at *4) (internal quotation marks omitted)).[2]

Here, the TFB entities request a stay and propose a bond in the amount of $148,125.77, representing 120% of the judgment on Counterclaim I and the judgment on Counterclaim II—an estimated aggregate of $113,318.28. (Doc. 146 at 3 & n.2). They further request a

---

[2] While these cases refer to Rule 62(d), we note that the Notes on the 2018 Amendments to the rules state that "[s]ubdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Accordingly, these cases are applicable to our analysis of Rule 62(b).

stay of the execution of the judgment on Counterclaim II regarding the release of the escrow funds, with the exception of payment to the Commonwealth to satisfy the outstanding taxes and penalties. The defendants only contest the plaintiffs' request to hold the remaining funds—$60,719.15—in the escrow account pending the resolution of the plaintiffs' appeal. The defendants contend that the judgment ordering release of the escrow funds is equitable, rather than monetary, and that the plaintiffs have not made a showing that they are entitled to a stay under Rule 62(c) pertaining to a stay of an equitable judgment.

We agree with the plaintiffs that the judgment on Counterclaim II ordering the release of the escrowed funds is a monetary, rather than an equitable, judgment. As the plaintiffs point out, while the defendants rely on *Cottillion v. United Refining Co.*, 2014 WL 7344005 (W.D. Pa. Dec. 23, 2014) to support their position that Rule 63(c) applies, as we will discuss below, *Cottillion* supports a contrary conclusion in this matter.

In *Cottillion*, the court was faced with a request for a stay of the judgment pending appeal. *Cottillion*, 2014 WL 7344005, at *1-2. The judgment in that case ordered the defendants to pay a certain sum of money in retirement benefits, as well as take other actions with respect

to the plaintiff class members, such as providing notice to class members of certain opportunities and directing the defendants to stop applying reductions to certain benefits. *Id.* at *2. The court then undertook an analysis regarding whether Rule 62(c) or 62(d)—now Rule 62(b)—applied to its judgment, noting that "Rule 62(d) is applied only to money judgments." *Id.* (quoting *Frommert v. Conkright*, 639 F. Supp. 2d 305, 208 (W.D.N.Y. 2009)) (internal quotation marks omitted). In making this determination, the court noted when distinguishing a monetary judgment from equitable relief, "courts are instructed to consider whether the underlying order instructed a party to 'do or perform an act' as opposed to simply paying a calculable amount of money." *Id.* (citing *Donovan v. Fall River Foundry Co., Inc.*, 696 F.2d 524, 526 (7th Cir. 1982)). After analyzing *Frommert*, the *Cottillion* court ultimately determined that its judgment, unlike the judgment in *Frommert*, was not simply an order to pay a sum of money but included "a clear order for Defendants to take specific action[.]" *Id.* Thus, it analyzed the request for a stay under Rule 62(c), rather than 62(d). *Id.*

Conversely, the court in *Frommert* found that its judgment—an order to pay a lump sum of retirement benefits—was a monetary

7

judgment and was subject to Rule 62(d) rather than Rule 62(c). *Frommert*, 639 F. Supp. 2d at 308-09. The court first noted that, "[i]n determining whether Rule 62(d) applies, the court should focus on the nature of the relief ordered, not simply the form of the judgment." *Frommert*, 639 F. Supp. 2d at 309 (citations omitted). The court then concluded that its order to pay a lump sum amount "was clearly . . . an order 'to pay' rather than an order 'to do.'" *Id.* (quoting *Donovan*, 696 F.2d at 526).

After consideration, we conclude that our order directing the release of the escrow funds to pay the outstanding tax liabilities to the Commonwealth and the remainder to the defendants is "clearly . . . an order 'to pay' rather than an order 'to do.'" *Frommert*, 639 F. Supp. 3d at 309. The mere fact that our order directs the escrow agent to release the funds, in our view, does not transform this monetary judgment into an equitable judgment. *See e.g.*, *Pauma Band of Luiseno Mission Indians of Pauma and Yuima Reservation v. California*, 2014 WL 12669557, at *2 (S.D. Cal. Aug. 28, 2014) (finding that an order directing specific performance of payment terms was "more akin to a money judgment rather than equitable relief.") (citations and internal quotation marks

8

omitted). Accordingly, we conclude that the plaintiffs' request for a stay is governed by Rule 62(b), and they need not meet the requirements of Rule 63(c) governing stays of equitable relief.

We note that the defendants' brief concedes that the plaintiffs would be entitled to post a supersedeas bond to stay the monetary judgment under Rule 62(b), and further, the defendants do not contest the amount of the bond proposed by the plaintiffs. (Doc. 148 at 1, 15). Accordingly, because we have concluded that the entire judgment, including the judgment on Counterclaim II directing the release of the remainder of the escrowed fund to the defendants after payment of the outstanding taxes and penalties, is a monetary judgment, we will grant the plaintiffs' motion to post a supersedeas bond in the amount of $148,125.77 to stay the judgment pending the outcome of their appeal as outlined below.

### III. Order

For the foregoing reasons, IT IS HEREBY ORDERED THAT the plaintiffs' Motion for Approval of Supersedeas and Stay of Execution Pending Appeal (Doc. 146) is GRANTED as follows:

1. Supersedeas is approved in the amount of $148,125.77, which the TFB-Buyers shall provide by bond or cash collateral within thirty (30) days of the entry of this order; and

2. The judgment entered on August 21, 2024 (the "Judgment") is hereby STAYED, pursuant to Federal Rule of Civil Procedure 62, pending exhaustion of the TFB-Buyers' appeal, except, with the TFB-Buyers' consent and without waiving any appellate rights, the payment of "The Local Car Wash, Inc.'s pre-existing tax liability (i.e., $81,215.45), as well as the additional penalties and interest incurred on that pre-existing tax liability (i.e., on the $81,215.45 amount)" may be paid to the appropriate taxing authority from the money currently held in escrow as described in Paragraph 2(a) of the Judgment. (Doc. 145). The "remainder of the escrowed funds," as described in Paragraph 2(a) of the Judgment, shall, as part of the stay, remain in the escrow account.

So ordered this 1st day of October 2024.

*S/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
